1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3

4

5

6

7

| | |
|---|---|
| Gail Holland, | ) |
| | ) |
| Plaintiff, | )  Case No.: 2:13-cv-2024-GMN-CWH |
| vs. | ) |
| | )  **ORDER** |
| HSBC North America, | ) |
| | ) |
| Defendant. | ) |

8

9

10

11

12

This action was filed by *pro se* Plaintiff Gail Holland, who seeks judicial review of a denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B). (Compl., Ex. A to Removal Notice, ECF No. 1-1). Pending before the Court is the Motion to Dismiss, (ECF No. 4), filed by Defendant HSBC North America ("HSBC"). (ECF No. 4). Ms. Holland filed a Response in opposition to the Motion, (ECF No. 8), and HSBC filed a Reply, (ECF No. 9).

13

14

15

16

17

18

19

20

21

22

23

24

### I. BACKGROUND

On October 1, 2013, Ms. Holland filed this action in Clark County District Court. (Compl.). Her Complaint states, in its entirety:

> COMES NOW the Petitioner, Gail Holland, a resident of Clark County Nevada, appearing in proper person in the above entitled action, and hereby petitions this Court for judicial review of the Decision and Order of the Benefits Admin. Committee dated January 9, 2013, a copy of which is attached hereto as Exhibit 1. This Petition for Judicial Review is filed pursuant to ERISA Section 502c,[1] which provides for judicial review of contested Employee Benefits cases in accordance with the provisions of NRS 233B. Petitioner alleges that the decision of Benefits Administrative Committee was wrong in using the deferred pension benefit table in determining petitioners [sic] retirement benefit. Petitioner believes the agency should and must use the standard pension benefit table in this case.

25

---

[1] ERISA section 502 was codified as 29 U.S.C. § 1132. In this Order, the Court refers to the relevant subsections of this provision by their by their citations in the U.S. Code.

(*Id.*).  An exhibit attached to the Complaint shows that Ms. Holland attempted to serve process upon HSBC on October 2, 2013, by sending a copy of the Complaint to HSBC's address in Mettawa, Illinois via certified mail. (Ex. B to Removal Notice at 11).  HSBC removed this case on November 1, 2013, citing this Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Removal Notice 2:6-10).[2]

In the instant Motion, HSBC requests that the Complaint be dismissed for inadequate process and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6). (Mot., ECF No. 4).  For the reasons discussed herein, the Court will grant the Motion and dismiss Ms. Holland's Complaint without prejudice.

## II. LEGAL STANDARD

### A.  Inadequate Process

A challenge to the form of process, rather than the manner of its service, is properly raised under Federal Rule of Civil Procedure 12(b)(4). *See, e.g.*, *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal.2006) (citations omitted).  A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4 or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Id*.

Under Rule 4, a summons must:

> (A) name the court and the parties;
>
> (B) be directed to the defendant;
>
> (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;
>
> (D) state the time within which the defendant must appear and defend;

---

[2] This removal was proper, as claims seeking relief pursuant to ERISA arise under federal law. *See, e.g.*, *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974 (9th Cir. 2012).

(E) notify the defendant that a failure to appear and defend will result in a default

judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

Fed. R. Civ. P. 4(a).  Further this Rule requires that, "A summons must be served with a copy

of the complaint." Fed. R. Civ. P. 4(c)(1).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives

sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta*

*Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Even if a summons fails to adhere to all of the

technical requirements of Rule 4(a), "dismissal is generally not justified absent a showing of

prejudice." *Id.* (internal citations omitted).

## B. Failure to State a Claim Upon Which Relief Can Be Granted

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions

couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.*

1    "Generally, a district court may not consider any material beyond the pleadings in ruling

2    on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

3    1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

4    complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

5    complaint and whose authenticity no party questions, but which are not physically attached to

6    the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without

7    converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14

8    F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of

9    "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

10   Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is

11   converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

12       If the court grants a motion to dismiss for failure to state a claim, leave to amend should

13   be granted unless it is clear that the deficiencies of the complaint cannot be cured by

14   amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

15   to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

16   the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

17   movant, repeated failure to cure deficiencies by amendments previously allowed, undue

18   prejudice to the opposing party by virtue of allowance of the amendment, futility of the

19   amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

20   **III. DISCUSSION**

21       As an initial matter, the Court acknowledges that Ms. Holland is representing herself *pro

22   se*, and therefore liberally construes her Complaint and holds her to standards less stringent than

23   it would apply to licensed attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless,

24   the Court finds that the process served upon HSBC was inadequate and that Ms. Holland failed

25   to state a claim upon which relief can be granted.  The Court will therefore dismiss the

Complaint without prejudice.

### A. Inadequate Process

The record demonstrates that Ms. Holland attempted to serve HSBC by sending a copy of the Complaint via certified mail. (Ex. B to Removal Notice, ECF 1-1).  Though HSBC does not appear to contend that this method of service was insufficient, it argues that the failure to include a summons with the Complaint warrants dismissal of this action.  Indeed, "While a technical defect in the form of a summons may still amount to substantial compliance with Rule 4, the failure to serve the defendant with a summons at all, cannot be considered 'substantial compliance' with the rule." *Anunciation v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458 (9th Cir. 1996).  Because it is undisputed that HSBC never received a summons in this matter, dismissal is warranted pursuant to Rule 4. *See id.*  However, the Court will grant Ms. Holland leave to file an Amended Complaint and correct this deficiency.

### B. Failure to State a Claim

HSBC also argues that it is not properly named as a defendant in this action because Ms. Holland's claim arises under 29 U.S.C. § 1132(c), which creates a cause of action that may be raised against only plan administrators or employers.  While HSBC is correct that it does not fall within either of these categories and therefore cannot be sued under this provision, it appears that the Complaint merely identifies the wrong subsection as relating to Ms. Holland's claim.

In contrast to subsection (c), which provides a narrow cause of action against plan administrators who "fail[] or refuse[] to comply with a request for information," subsection 1132(a)(1)(B) creates a broad cause of action by which a beneficiary may sue "to recover benefits due to him under the terms of his plan . . . or to clarify future benefits under the terms of the plan." 29 U.S.C. § 1132.  Because the Complaint argues that HSBC failed to correctly calculate Ms. Holland's retirement benefits and does not allege that HSBC withheld

information, the Court construes Ms. Holland's claim as seeking relief pursuant to 29 U.S.C. § 1132(a)(1)(B).

Nevertheless, the Court finds that Ms. Holland has failed to include sufficient factual allegations to state a valid claim.  For a Complaint to withstand a Rule 12(b)(6) motion, it must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *William O. Gilley Enterprises, Inc. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  The sole substantive allegation in the Complaint, that HSBC "was wrong in using the deferred pension benefit table in determining the petitioners [sic] retirement benefit," does not by itself establish a plausible claim that Ms. Holland has been or will be wrongfully denied benefits.  Accordingly, the Court finds that dismissal without prejudice pursuant to Rule 12(b)(6) is warranted.  If Ms. Holland chooses to file an Amended Complaint, she must include detailed allegations regarding the benefits to which she is entitled and specify how HSBC's wrongful conduct denied or will deny her these benefits. *See In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1040 (C.D. Cal. 2011).

///
///
///
///
///
///
///
///
///
///

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 4) is **GRANTED**. Plaintiff Holland's Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Holland shall have until November 3, 2014, to file an Amended Complaint in this action.  Failure to file an Amended Complaint by this date shall result in dismissal of her claims with prejudice.


**DATED** this __23__ day of September, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court